*St. Paul, Minn.* JAS. M. KERR.

---

## PHILBRICK *v.* CITY OF NILES.

*(Circuit Court, W. D. Michigan, S. D.* September 10, 1885.)

1. NEGLIGENCE—DEFECTIVE SIDEWALK—QUESTION FOR JURY.

When, in an action to recover damages for a personal injury caused by a defective sidewalk, the evidence upon the issue of negligence or contributory negligence presents a question of fact to be considered and determined by weighing evidence, it is the province of the jury, and not of the court, to determine it.

2. SAME—NEW TRIAL—EXCESSIVE DAMAGES.

A verdict of $3,000 for personal injury, caused by falling through an opening in a sidewalk, *held* not so excessive as to warrant a new trial.

*Assumpsit.* Motion for a new trial.

*George S. Clapp* and *James A. Kellogg,* for plaintiff.

*Theodore G. Beaver* and *Edward Bacon,* for defendant.

WITHEY, J. The grounds of the defendant's motion for a new trial are that the verdict is against the weight of evidence, contrary to the law and the charge of the court; that the court refused to grant some of the defendant's requests, and that the damages are excessive. The jury gave the plaintiff a verdict for $3,000 damages as compensation for personal injuries sustained by falling through an opening in a sidewalk into the area under the walk in the defendant city. The plaintiff was going south on the sidewalk in question, carrying an open umbrella somewhat in front of her, to ward off the wind and snow which were coming from the south-west, and, not seeing the hole in the walk, which was then uncovered, fell through it into the area. The street was a public one, and the plaintiff had previously passed over the same walk, and never observed any sign or evidence of danger to persons passing over it; nor was there, in fact, any danger when the trap-door was in its place which usually covered the opening. Years prior to the event in question the owners of the property fronting on the sidewalk built the walk, leaving the opening in question, about three feet wide by five feet long, to which a trap-door was fitted. They and their tenants were accustomed, from the time the walk was built, to remove the cover whenever they had occasion either to lower merchandise or other articles into the area, or to remove therefrom any articles. The area was connected with the basement of the

building. On such occasions the trap-door was leaned against the front of the building, the opening reaching close to the wall and extending five feet towards the outer edge or end of the walk. From the sidewalk to the bottom of the area was four or five feet. Whenever the cover was removed for the purpose stated, the opening was usually exposed for 15 minutes, more or less, according to convenience and circumstances, and at such times, and on the present occasion, left wholly unguarded, and without a signal to warn of the danger other than the opening itself.

The laws of the state grant to the city the care of its streets and sidewalks, and the usual powers, such as impose the duty of keeping or causing them to be kept in a reasonably safe condition for the public use. The principal questions in the case are whether the injuries to the plaintiff resulted from want of proper and reasonable care on the part of the municipal authorities, amounting to negligence, and whether the plaintiff was guilty of contributory negligence. The jury were instructed, in substance, that there could be no objection to the existence of the opening in the walk, closed by a trap-door, and the fact that the occupants of the building were accustomed and suffered to remove the cover in order to receive into or deliver merchandise or other articles from the basement of the building through the area was not of itself evidence of negligence; that openings in sidewalks were allowable and usual, and to which there was no valid objection when kept securely covered, or, when uncovered, if proper precautions are taken to guard persons against accident and injury; and that in order to establish negligence it must appear from the evidence that the city authorities not only knew of the existence of the opening, and of such occasional use of it, but also knew that the occupants of the building were accustomed to leave the opening uncovered, with no protection about it, and no signal of danger, and suffered such a state of things to continue.

Whether the city authorities had been guilty of negligence by failing to exercise reasonable care and diligence depended upon considerations which were fully stated, and in reference to which considerable evidence was introduced on both sides. It cannot justly be contended that the evidence on the part of the plaintiff did not tend to show that there was negligence, nor can it be contended, on the other hand, that the evidence did not tend to show contributory negligence on the part of the plaintiff. The defendant's counsel contend that the preponderance of evidence was clearly with the defendant on both questions; but I am unable to say that the conclusions reached by the jury were clearly or manifestly wrong, even though I should not entirely agree with them. The rule is that whenever the evidence upon any issue in a cause presents a question of fact to be considered and determined by weighing evidence, it is the province of the jury, and not of the court, to consider and determine it. People in the city of Niles who passed over the sidewalk knew there was an opening in

it. That at times it was left uncovered and unguarded, as it was at the time of the plaintiff's injury. The jury were therefore justified in finding that the city authorities, by the exercise of reasonable care and diligence, should have known of the same facts, and of the recurring danger. If they should have known those things, they are conclusively presumed to have known them. They never took steps to remove, diminish, or prevent the danger. They never required the size of the opening to be reduced, which would have diminished the danger, nor a guard or signal of danger to be exhibited, but suffered without any action a careless and negligent use of it to be continued year after year, and up to the time of the accident. All these considerations, past and present, the jury were told to consider.

I might conclude that the plaintiff was guilty of contributory negligence, but the jury have said she was not negligent, and I cannot say they are clearly in error. Certainly she was not called upon to exercise extraordinary vigilance in going over a walk not generally dangerous and not known by her ever to have been dangerous. The care required was much less than in a person going over a railroad crossing, a place of constant and well-known danger, demanding the greatest vigilance on the part of persons and approaching trains. The only care required of the plaintiff was ordinary care, such as a prudent person is expected to use under like circumstances. The verdict was not contrary to the charge of the court, and all instructions were given that were material or necessary. The damages are larger than I think the plaintiff ought to recover, but there is no rule by which to compute definitely the damages in such a case. They are, in a large degree, a matter of judgment, and 12 good men have fixed them at $3,000. Another trial might result in less or greater damages being awarded, and inasmuch as I can reduce them only by exercising my individual judgment against the judgment of 12 men, with no certain standard for fixing a different sum, I have concluded to overrule the motion for a new trial upon this as I have upon the other grounds. And it is so ordered, with costs of the motion in favor of the plaintiff.

Negligence, when question for jury, see Bunt v. Sierra Buttes Gold Min. Co., 21 Fed. Rep. 847.